UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

RECEIVED CLERK'S OFFICE

2008 JAN 15 A 11: 34

US DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON, SC

Leon Stevenson, # 213811,  ) C/A No. 2:08-85-TLW-RSC
                           )
            Petitioner,    )
                           )
vs.                        ) Report and Recommendation
                           )
                           )
Warden, Tyger River Correctional )
Institution,               )
                           )
            Respondent.    )

A Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 has been submitted to the Court *pro se* by a state prison inmate.[1] Petitioner is incarcerated at Tyger River Correctional Institution in Enoree, South Carolina, serving sentences for criminal convictions (resisting arrest and assault and battery of high and aggravated nature) entered by the Court of General Sessions of Spartanburg County in 1994.

This is the second § 2254 Petition filed in this Court by this prisoner addressing his 1994 convictions and sentences. In August 1999, he filed his initial § 2254 Petition with this Court in *Stevenson v. Johnson*, Civil Action No. 2:99-2779-CWH. That Petition was considered on the merits and this Court granted habeas relief to Petitioner; however, this Court's decision was reversed by the Fourth Circuit Court

---

[1] Pursuant to 28 U.S.C. §636(b)(1)(B), and D.S.C. Civ. R. 73.02(B)(2)(c), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See also* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

of Appeals through an unpublished decision in 2003. *Stevenson v. Johnson*, No. 01-7572 (4th Cir. March 27, 2003). Petitioner's attempt to appeal the dismissal of the Petition upon remand was dismissed by the Fourth Circuit on August 13, 2004. *Stevenson v. Johnson*, 108 Fed. Appx. 73 (4th Cir. Aug. 13, 2004).

Approximately one-and-a-half years after the conclusion of his Fourth Circuit appeal, Petitioner filed a second post conviction relief application (PCR) in the Spartanburg County Court of Common Pleas, claiming that he had newly discovered evidence of unconstitutional behavior by either the prosecutors, his defense counsel, or both. Petitioner based his newly discovered evidence claim on his alleged discovery of a jury question concerning the charges for which he was convicted for the first time in connection with his Fourth Circuit appeal, thus supposedly preventing its use in his initial PCR case. The PCR court determined that the evidence asserted by Petitioner did not meet the requirements of "newly discovered evidence," and dismissed his second PCR case due to untimeliness and successiveness. The South Carolina Supreme Court denied *certiorari* review of the Spartanburg County court's decision at some point after his notice of appeal was filed in August 2007, and this case followed. There is no indication contained anywhere in Petitioner's filings in this Court that Petitioner sought permission from the Fourth Circuit Court of Appeals to file this second § 2254 Petition in this Court.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

This Court is required to construe *pro se* petitions liberally. Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, _ U.S. _, 127 S. Ct. 2197 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). However, even under this less

3

stringent standard, the Petition submitted in this case is subject to summary dismissal.

If a petition is frivolous or patently absurd on its face, entry of dismissal may be made on the court's own motion without the necessity of requiring a responsive pleading from the government. *See Raines v. United States*, 423 F.2d 526, 529 (4th Cir. 1970). The Petition filed in this case should be dismissed as successive. A review of this Court's records reveals Petitioner's procedural history in this Court,[2] and, as previously stated, shows that Petitioner has already filed one petition for writ of habeas corpus based on his 1994 convictions and sentences. As stated above, that Petition was fully considered on the merits and relief was even granted, although that decision was thereafter reversed by the Fourth Circuit. Petitioner's appeal of the subsequent dismissal on remand of his Petition was rejected by the Fourth Circuit. Most importantly to this case is the fact that Petitioner does not appear to have formally requested permission from the Fourth Circuit before he filed the Petition in this case as required under applicable federal statutes.

Chapter 153 of Title 28 of the United States Code provides a statutory framework for federal post-conviction relief from judgments of

---

[2] The Court may take judicial notice of proceedings had before it in a prior suit with the same parties. *See Mann v. Peoples First Nat. Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954); *see also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989)("[t]he most frequent use of judicial notice of ascertainable facts is in noticing the content of court records.").

conviction entered in federal and state courts. Under this framework, individuals convicted of crimes in state courts seek federal habeas corpus relief through 28 U.S.C. § 2254. *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (footnote omitted). On April 24, 1996, the President of the United States signed into law the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA") which, in part, amended Chapter 153. The AEDPA effected a number of substantial changes regarding the availability of federal post-conviction relief to individuals convicted of crimes in federal and state courts. Of particular importance here are the provisions of the AEDPA codifying and extending judicially constructed limits on the consideration of second and successive applications for collateral relief. *See Felker v. Turpin*, 518 U.S. 651, 657 (1996). Under the AEDPA, an individual may not file a second or successive § 2254 petition for a writ of habeas corpus or a second or successive § 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals. *See In re Vial*, 115 F.3d at 1194.³ According to the

---

³ Petitioner may be able to present a claim for the first time in a successive habeas petition where the claim relies on a new rule of constitutional law, see 28 U.S.C. § 2244(b)(2)(A), or, if the claim is based on newly discovered evidence, where the Petitioner can make a prima facie showing of both cause and prejudice within the meaning of § 2244(b)(2)(B)(i) and § 2244(b)(2)(B)(ii). *See Evans v. Smith*, 220 F.3d 306, 323 (4th Cir. 2000). Petitioner is advised that "[t]he grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari." § 2244(b)(3)(E). Furthermore, the undersigned magistrate judge
(continued...)

United States Supreme Court, the "gatekeeping" mechanism created by the AEDPA added section 2244(3) to title 28 of the United States Code, and:

> [t]he prospective applicant must file in the court of appeals a motion for leave to file a second or successive habeas application in the district court. § 2244(b)(3)(A). A three-judge panel has 30 days to determine whether the application makes a prima facie showing that the application satisfies the requirements of § 2244(b). § 2244(b)(3)(C); see § 2244(b)(3)(B), (D).

*Felker*, 518 U.S. at 657.

Because Petitioner did not obtain authorization from the Fourth Circuit Court of Appeals to file the Petition submitted in this case, this Court does not have jurisdiction to consider it, and it is subject to summary dismissal without service on the Respondents. *See Romandine v. U. S.*, 206 F.3d 731, 734 (7th Cir. 2000); *U.S. v. Key*, 205 F.3d 773, 774 (5th Cir. 2000); *Hernandez v. Campbell*, 204 F.3d 861, 866 (9th Cir. 2000); *U. S. v. Barrett*, 178 F.3d 34, 41 (1st Cir. 1999); *Lopez v. Douglas*, 141 F.3d 974, 975-76 (10th Cir. 1998); *Williams v. Hopkins*, 130 F.3d 333, 336 (8th Cir. 1997); *Hill v. Hopper*, 112 F.3d 1088, 1089 (11th Cir. 1997).

## **RECOMMENDATION**

Accordingly, it is recommended that the Petition for a Writ of Habeas Corpus in this case be dismissed *without prejudice* and without issuance and service of process upon Respondent. *See Toney v. Gammon,*

---

[3](...continued)
expresses no opinion on the merits of any newly discovered evidence assertion made by Petitioner.

79 F.3d 693, 697 (8th Cir. 1996) (a petition may be summarily dismissed if the record clearly indicates that petitioner's claims are either barred from review or without merit); *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return). Petitioner's attention is directed to the important notice on the next page.

                                                            Robert S. Carr
                                                            United States Magistrate Judge

January 15, 2008
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 835
> Charleston, South Carolina 29402

Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).